UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSICA G.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C19-5663 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ harmfully rejected her testimony about the impact her visual disturbances and limited use of her hands have on her ability to perform work, and the Court should remand the matter for further development of the record. Dkt. 10 at 1-2.

Plaintiff testified she suffers from pain in her eye, and sensitivity to light requiring her to wear dark glasses; she further states looking at a book or a computer screen causes her vision to get blurry and she thus has problems reading. Tr. 39, 43-44. The ALJ found plaintiff's "visual disturbances" are a severe impairment, Tr. 18, but plaintiff retains the residual functional capacity ("RFC") to perform sedentary work with the following limitations: "She is unable to work with fast moving objects and needs to wear dark glasses in normal work environment, Tr. 20. The ALJ found plaintiff not disabled based upon the Vocational Expert's testimony that with

this limitation plaintiff can perform work as a document scanner, clerical mailer, and a suture winder Tr. 27.

The ALJ erred. The ALJ acknowledged plaintiff's impairment causes blurry vision, and light sensitivity, Tr. 20. Although the ALJ outlined the treatment plaintiff received for the condition, the ALJ failed to discuss plaintiff's testimony about her blurry vision and accept it or reject it. The ALJ also failed to explain how he arrived at the conclusion that her blurry vision and eye pain only precluded work with fast moving objects. The Commissioner argues the ALJ found plaintiff's testimony was contradicted by her daily activities. The argument fails because it relies upon portions of the ALJ's decision regarding the ALJ's rejection of plaintiff's mental limitations, not her vision problems.

The ALJ's failure is harmful because plaintiff stated her vision blurred when looking at a screen or book, and she could not read. This limitation does not involve "fast moving objects." However, the VE was only advised plaintiff could not work with fast moving objects and accordingly found she could not work on as a bottling line attendant. Tr. 61. The VE was never told plaintiff has blurry vision when looking at screens or books that impairs reading, and without knowing about these limitations the VE opined plaintiff could perform work as a document scanner, a clerical mailer, and a suture winder. The hypothetical presented to the VE is thus deficient and there is no expert opinion as to whether plaintiff's blurry visual limitations preclude the jobs the VE identified, which appear to require the ability to see or read items clearly.

Plaintiff also testified her arms or hands are numb, especially her left extremity, and that she drops things. Tr. 44, 46. The ALJ acknowledged plaintiff's testimony, Tr. 20 ("She has diminished feeling in the left hand") but found plaintiff retains the RFC to "frequently reach with

left arm; and frequently feel." Tr. 19. The RFC determination sets forth no feeling, reaching or handling limitations regarding plaintiff's left extremity; it thus appears the ALJ completely rejected plaintiff's testimony about her arm and hand numbness. There is no question the record shows plaintiff suffers from pain and numbness in her arms. The Commissioner, however, defends the ALJ's decision arguing the medical record shows improvement and that plaintiff has only mild to moderate arm and hand symptoms. Dkt. 11 at 4-5. But both the Commissioner's argument and the ALJ's decision fail to explicate the basis for the RFC determination that plaintiff can "frequently reach with left arm; and frequently feel."

The medical records themselves do not establish this level of functionality, i.e., no treating or examining doctor has stated plaintiff can frequently use her arms and hands. The lack of a medical opinion about plaintiff's functionality thus imposes on the ALJ the responsibility to explain why or how the evidence establishes the ALJ's RFC determination. The ALJ, however, provided no explanation establishing why plaintiff's mild-moderate symptoms allow her to frequently reach or feel in contrast to a different limitation such as the ability to "occasionally" reach or feel. *See e.g. Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (Agency must explain its reasoning because Court reviews administrative orders based upon reasons provided by the ALJ.). The ALJ accordingly harmfully erred.

Although the ALJ did not refer to the records of treating doctor April McVey, M.D., the Commissioner argues Dr. McVey's treatment notes support the ALJ's determination. Dkt. 11 at 5. On April 8, 2018, Dr. McVey stated under diagnosis: "Paresthesia and pain in both upper extremities – primary." Tr. 1002. The Commissioner argues the doctor's indication under "no longer an issue": "numbness and tingling in left arm, left upper pain, weakness in left hand" supports the ALJ's RFC determination. The Court rejects the argument. Dr. McVey's records are

contradictory. The doctor simultaneously diagnosed plaintiff's primary problem as "Paresthesia and pain in both upper extremities" and stated these problems are no longer an issue. Further despite stating the diagnosis was no longer an issue, the doctor prescribed Percocet, an opioid "For diagnoses: **Numbness of left arm**. Acute pain of left shoulder, chronic pain syndrome." (emphasis added). These contradictory statements indicate plaintiff's Paresthesia and pain in both upper extremities are an issue and are not resolved. At a minimum, the contradictory statements require further development of the record. *See Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001) (ALJ's duty to develop the record is triggered if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence).

For the reasons above the Court **REVERSES** the Commissioner's final decision **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess plaintiff's testimony, develop the record and redetermine plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 3rd day of February, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge